Mendoza-Cruz v. Garland

BIA
Gordon, IJ
A208 450 030/031

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

KARINA LIZETH MENDOZA-CRUZ,
BAYRON ALBERTO PINEDA-
MENDOZA,
> *Petitioners,*

v.                                                          **21-6271**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

*Respondent.*

_____

**FOR PETITIONERS:** Judy Resnick, Esq., Far Rockaway, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karina Lizeth Mendoza-Cruz, a native and citizen of El Salvador, seeks review of an April 16, 2021, decision of the BIA affirming a February 21, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Karina Lizeth Mendoza-Cruz, Bayron Alberto Pineda-Mendoza*, Nos. A208 450 030/031 (B.I.A. Apr. 16, 2021), *aff'g* Nos. A208 450 030/031 (Immigr. Ct. N.Y.C. Feb. 21, 2019). We assume the parties' familiarity with the underlying facts

---

[1] The second petitioner is Mendoza-Cruz's minor child who entered and was placed in removal proceedings with her. Because he is a derivative beneficiary of Mendoza-Cruz's asylum claim, this order refers solely to Mendoza-Cruz.

and procedural history.

We have reviewed both the BIA's and IJ's opinions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency did not err in rejecting Mendoza-Cruz's proposed particular social group of women who are the victims of attempted rape by gang members who seek vengeance against them because it is defined by the harm suffered. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (holding that "a social group cannot be defined exclusively by the fact that its members *have* been subjected to harm" (quotation marks omitted)). Moreover, "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Id.*

The country conditions evidence discusses widespread violence against

3

women in El Salvador, but it does not state or suggest that women who are victims of attempted rape (or other sexual violence) by gang members are customarily perceived as a distinct social group in society or are at greater risk than others who refuse a gang member's demands. *See Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (holding that Salvadoran women who have rejected the sexual advances of gang members are not a cognizable social group given that the country conditions evidence did "not discuss whether women who reject the sexual advances of gang members are perceived as a distinct group in society or are at greater risk than anyone else who refuses to comply with a gang member's demands"). Because the determination that the proposed group is not cognizable is dispositive of asylum and withholding of removal, we do not reach the agency's additional findings regarding nexus and the severity of the past harm. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Mendoza-Cruz's remaining arguments fail. The agency did not err in denying humanitarian asylum because that relief is reserved for applicants who have established past persecution on account of a protected ground. *See* 8 C.F.R.

4

§ 1208.13(b)(1)(iii); *Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A. 1989). Mendoza-Cruz has not demonstrated that remand is necessary for the BIA to consider her proposed social group under *Matter of L–E–A–*, 28 I. & N. Dec. 304, 304–05 (A.G. 2021), and *Matter of A–B–*, 28 I. & N. Dec. 307 (A.G. 2021), because neither the IJ nor the BIA relied on the decisions vacated by those cases, Mendoza-Cruz does not propose social groups based on domestic violence or family ties, and her proposed social group is not cognizable under the standards set forth in *Ucelo-Gomez* and *Hernandez-Chacon*. The Government did not have the burden to rebut a presumption of future persecution because the burden shifts to the Government only if an applicant has established past persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1). There are no other issues properly before us because Mendoza-Cruz does not raise a specific challenge to the agency's denial of CAT relief, and she did not exhaust her bias and due process arguments before the BIA. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122–23 (2d Cir. 2007) (explaining that review is generally limited to issues raised before the BIA).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court